Anthony Paduano (AP 8400)
Steven Castaldo (SC 0520)
PADUANO & WEINTRAUB LLP
1251 Avenue of the Americas
Ninth Floor
New York, New York 10020
(212) 785-9100
Attorneys for Petitioner

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
BRIAN J. RAFFERTY,                             :
                                               :
                      Petitioner,              :     11 CV
                                               :
        -and-                                  :
                                               :
XINHUA FINANCE LIMITED, JAE LIE,               :
ALOYSIUS T. LAWN, DANIEL J. CONNELL,           :
JEANNE L. MURTAUGH, DAVID WANG, FREDY           :
BUSH, NICHOLAS W. SCHIFFLI, JR., JOHN          :
MCLEAN, WU JI GUANG, and CHEN XIAOLU,          :
                                               :
                      Respondents.             :
------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Anthony Paduano (AP 8400)
Steven Castaldo (SC 0520)
PADUANO & WEINTRAUB LLP
1251 Avenue of the Americas
Ninth Floor
New York, New York 10020
(212) 785-9100

Attorneys for Petitioner
Brian J. Rafferty

## TABLE OF CONTENTS

Preliminary Statement ..................................................................................... 2

Statement Of Facts ........................................................................................... 3

ARGUMENT ...................................................................................................... 3

   I. PETITIONER IS ENTITLED TO A TEMPORARY RESTRAINING ORDER AND
      PRELIMINARY INJUNCTION ................................................................... 3

      A.   Judicial Standard ........................................................................... 4

      B.   Petitioner Is Likely To Succeed On The Merits ............................. 5

      C.   Petitioner Will Suffer Irreparable Injury In the Absence of An Injunction .... 6

      D.   The Balance of the Equities is in Petitioner's Favor ...................... 8

Conclusion ......................................................................................................... 9

## TABLE OF AUTHORITIES

**Cases**

American Exp. Fin. Advisors Inc. v. Thorley,
147 F.3d 229 (2d Cir. 1998) ..................................................................................3

American Express Financial Advisors v. Makarawicz,
122 F.3d 936 (11th Cir. 1997) ...............................................................................4

Blumenthal and Fein v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,
910 F.2d 1049 (2d Cir. 1990)............................................................................3, 4

Centeno-Bernuy v. Perry,
302 F. Supp. 2d 128 (W.D.N.Y. 2003) ...................................................................5

Erving v. Virginia Squires Basketball Club,
468 F.2d 1064 (2d Cir. 1972)................................................................................4

Flushing Savings Bank v. Parr,
81 A.D.2d 655, 438 N.Y.S.2d 374 (2d Dep't 1981)...............................................6

Garden City Irr., Inc. v. Salamanca,
2005 WL 927001 (Sup Ct. Nassau County 2005) .................................................6

Gramercy Co. v. Benenson,
223 A.D.2d 497, 637 N.Y.S.2d 383 (1st Dep't. 1996) ...........................................8

H.I.G. Capital Management, Inc. v. Ligator,
233 A.D.2d 270, 650 N.Y.S.2d 124 (1st Dep't. 1996) ...........................................7

Hadley v. Rush Henrietta Cent. School Dist.,
409 F. Supp. 2d 164 (W.D.N.Y. 2006) ...................................................................5

Innoviant Pharmacy, Inc. v. Morganstern,
390 F. Supp. 2d 179 (N.D.N.Y. 2005) ....................................................................5

JR& J Holding Co. v. Rabinowitz,
201 A.D.2d 535, 607 N.Y.S.2d 724 (2d Dep't 1994) .............................................6

Malletier v. Burlington Coat Factory Warehouse Corp.,
426 F.3d 532 (2d Cir. 2005) ..................................................................................6

Merrill Lynch, Pierce, Fenner & Smith v. Ran,
67 F. Supp. 2d 764 (E.D. Mich. 1999) ............................................................................. 9

North Atlantic Instruments, Inc. v. Haber,
188 F.3d 38 (2d Cir. 1999) ............................................................................................. 5

Ortho Pharmaceutical Corp. v. Amgen, Inc.,
882 F.2d 806 (3d Cir. 1989) ........................................................................................... 6

PMS Distributing Co., Inc., v. Huber & Suhner, A.G.,
863 F.2d 639 (9th Cir. 1988) .......................................................................................... 4

Puerto Rico Hosp. Supply, Inc. v. Boston Scientific Corp.,
426 F.3d 503 (1st Cir. 2005) .......................................................................................... 4

Roso-Lino Beverage Distribs., Inc. v. Coca-Cola Bottling Co.,
749 F.2d 124 (2d Cir. 1984) ........................................................................................... 4

Teradyne, Inc. v. Mostek Corp.
797 F.2d 43 (1st Cir. 1986) ............................................................................................ 4

Zomba Recording LLC v. Williams,
2007 WL 1063869 (Sup. Ct. N.Y. Cty. 2007). ................................................................. 8

Zonghetti v. Jeromack,
150 A.D.2d 561, 541 N.Y.S.2d 235 (2d Dep't. 1989) ..................................................... 7

Petitioner Brian J. Rafferty ("Rafferty" or "Petitioner") respectfully submits this Memorandum of Law in support of his motion for a temporary restraining order and a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure against respondents Xinhua Finance Limited ("XFL"), Jae Lie, Aloysius T. Lawn, Daniel J. Connell, Jeanne L. Murtaugh, David Wang, Fredy Bush, Nicholas W. Schiffli, Jr., John McLean, Wu Ji Guang, and Chen Xialou (collectively, "Respondents") enjoining and restraining Respondents from transferring, selling or otherwise disposing of assets of XFL, including without limitation, the stocks and assets of its subsidiary Stone and McCarthy Research Associates, cash, revenue streams and bank accounts, in an amount sufficient to satisfy the debts owed to Petitioner. Petitioner relies on the Affidavit of Brian J. Rafferty, sworn to on January 6, 2011 (the "Rafferty Aff."), and the Declaration of Anthony Paduano, dated January 6, 2011.

## Preliminary Statement

As is more fully set forth below and in the papers submitted herewith, Petitioner seeks an order preserving the status quo in aid of an arbitration before the American Arbitration Association ("AAA"), captioned Brian J. Rafferty v. Xinhua Finance Limited et al., AAA Case No. 50-116-T-000780-10 (the "Arbitration"), that he has previously commenced and is currently pending. Specifically, Petitioner seeks to enjoin Respondents from transferring, selling or otherwise disposing of assets of XFL in an amount sufficient to satisfy the debts owed to Petitioner, including an outstanding Judgment from the Supreme Court of

the State of New York, County of New York, until such time as the arbitrator appointed by AAA can address Petitioner's claims for relief against Respondents.

Petitioner will suffer irreparable harm if this Court does not grant the limited relief sought. Without the requested equitable relief, any arbitration award will be rendered ineffectual because XFL is in dire financial circumstances and, in fact, has indicated that there is substantial doubt about its continued existence. Without the requested relief, XFL will have insufficient assets and Petitioner will be severely and irreparably injured and without an avenue to seek to collect from Respondents for the amount they are indebted to him.

### Statement Of Facts

The facts relative to Petitioner's motion are set forth in detail in the Rafferty Aff. and the exhibits attached thereto and are incorporated herein.

### ARGUMENT

#### I.

#### PETITIONER IS ENTITLED TO A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Under Section 4 of the Federal Arbitration Act, district courts have jurisdiction to issue preliminary injunctions to preserve the status quo pending arbitration. Blumenthal and Fein v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 910 F.2d 1049, 1051-53 (2d Cir. 1990) (injunctive relief can be granted to prevent the arbitration from becoming a "hollow formality"); American Exp. Fin. Advisors Inc. v. Thorley, 147 F.3d 229, 231 (2d Cir. 1998) (arbitration does not absolve the district court of its responsibility to decide requests for preliminary injunctions on

3

their merits). The Court "must ensure that the parties get what they bargained for- a meaningful arbitration of the dispute." Blumenthal, 910 F.2d at 1053; See also Roso-Lino Beverage Distribs., Inc. v. Coca-Cola Bottling Co., 749 F.2d 124, 125 (2d Cir. 1984) (citing Erving v. Virginia Squires Basketball Club, 468 F.2d 1064, 1067 (2d Cir. 1972)).

It is well settled that "[t]he fact that a dispute is to be arbitrated . . . does not absolve the court of its obligation to consider the merits of a requested preliminary injunction." Roso-Lino Beverage Distribs., Inc, 749 F.2d at 125; accord Blumenthal, 910 F.2d at 1052.

Numerous other federal courts are in accord. See, e.g., Puerto Rico Hosp. Supply, Inc. v. Boston Scientific Corp., 426 F.3d 503, 505 (1st Cir. 2005); American Express Financial Advisors v. Makarawicz, 122 F.3d 936, 940 (11th Cir. 1997) Ortho Pharmaceutical Corp. v. Amgen, Inc., 882 F.2d 806, 812-13 (3d Cir. 1989) PMS Distributing Co., Inc., v. Huber & Suhner, A.G., 863 F.2d 639, 642 (9th Cir. 1988); Teradyne, Inc. v. Mostek Corp. 797 F.2d 43 (1st Cir. 1986)

### A. Judicial Standard

To obtain a temporary restraining order and preliminary injunction, Petitioner must establish:

> (1) that it is subject to irreparable harm; and (2) that it will either likely succeed on the merits of the case, or that there are sufficiently serious questions going to the merits of the case to make them a fair ground for litigation, and that a balancing of the hardships between the parties weighs decidedly in favor of the party requesting the relief.

4

Hadley v. Rush Henrietta Cent. School Dist., 409 F. Supp. 2d 164, 167 (W.D.N.Y. 2006). See also Malletier v. Burlington Coat Factory Warehouse Corp., 426 F.3d 532, 537 (2d Cir. 2005); North Atlantic Instruments, Inc. v. Haber, 188 F.3d 38, 43 (2d Cir. 1999); Innoviant Pharmacy, Inc. v. Morganstern, 390 F. Supp. 2d 179, 186 (N.D.N.Y. 2005); Centeno-Bernuy v. Perry, 302 F. Supp. 2d 128, 135 (W.D.N.Y. 2003).

As established below, Petitioner meets these requirements and, consequently, is entitled to injunctive relief preventing Respondents from transferring, selling or otherwise disposing of assets in an amount sufficient to satisfy the debts owed to Petitioner.

B. **Petitioner Is Likely To Succeed On The Merits**

Petitioner is entitled to relief because his employment was wrongfully terminated in violation of the express terms of the Employment Agreement, and an arbitrator and Court so found which resulted in the Award and Judgment, which currently remains unpaid. Due to Respondents' fraudulent conduct, they are liable to Petitioner for the outstanding Judgment.

As is described in the Arbitrator's Award attached to the Rafferty Aff. as Exhibit F, there was not sufficient cause to terminate Rafferty's employment, and therefore, his employment was terminated in violation of the Employment Agreement. As a result, the Arbitrator issued an Award in Petitioner's favor, and the Award was confirmed into a Judgment in the amount of $521,311.71.

5

Respondents, however, engaged in the Asset Sale to prevent Petitioner from collecting on his Judgment. Therefore, the Judgment remains unpaid.

Respondents' fraudulent sale of Taylor Rafferty's assets to avoid payment of its liabilities renders them liable for the Judgment. Disposition of assets to deter a potential judgment creditor constitutes a fraud in New York. See JR& J Holding Co. v. Rabinowitz, 201 A.D.2d 535, 535-36, 607 N.Y.S.2d 724, 725 (2d Dep't 1994) (conveyances intended to defraud future creditors, including conveyances which occurred prior to the time the obligation arose, are fraudulent). A conveyance is illegal if made with intent to defraud creditors, and equally illegal if made with intent to hinder and delay them. Flushing Savings Bank v. Parr, 81 A.D.2d 655, 656, 438 N.Y.S.2d 374, 376 (2d Dep't 1981).

In summary, Petitioner has made a sufficient showing to establish a likelihood, and indeed probability, of its ultimate success.

C.  **Petitioner Will Suffer Irreparable Injury In the Absence of An Injunction**

Petitioner will suffer irreparable harm in the absence of injunctive relief. If the Court does not enjoin and restrain Respondents from transferring or disposing of any assets, Petitioner will be unable to enforce any award issued in the Arbitration and collect the amount owed to him.

In Garden City Irr., Inc. v. Salamanca, 2005 WL 927001, at *1 (Sup Ct. Nassau County 2005) the court found irreparable harm where the plaintiff alleged that the defendant would transfer her assets out of the jurisdiction, thus frustrating any attempt by plaintiff to collect on the ultimate judgment. "If the

6

Court does not restrain her from transferring, gifting, disposing of, wasting, destroying or encumbering her assets, there is a likelihood that Garden City will be unable to enforce a judgment it obtains in this action." Id. at *2; See also H.I.G. Capital Management, Inc. v. Ligator, 233 A.D.2d 270, 271, 650 N.Y.S.2d 124, 125 (1st Dep't. 1996) ("The uncontrolled disposal of respondents' assets, which might render an award ineffectual, presents the risk of irreparable harm"); Zonghetti v. Jeromack, 150 A.D.2d 561, 562, 541 N.Y.S.2d 235, 237 (2d Dep't. 1989) ("The plaintiffs' application . . . - when considered in conjunction with other relevant factors disclosed by the parties' affidavits-supports the plaintiffs' contention that the uncontrolled sale and disposition by the defendants of their assets would threaten to render ineffectual any judgment which the plaintiffs might obtain").

Here, Respondents sold Taylor Rafferty's assets to D.F. King, structuring the sale so that XFL (and not Taylor Rafferty) would receive the proceeds from the sale, closed the doors to Taylor Rafferty, absconded to China, and have failed to pay the outstanding Judgment. Moreover, XFL is in financial distress and its continued existence is in question. Accordingly, Petitioner will face great difficulty or be precluded from collecting on any award he obtains in the Arbitration against Respondents. Petitioner will surely suffer irreparable harm if XFL is left with no assets with which to satisfy any award and the Judgment.

### D. The Balance of the Equities is in Petitioner's Favor

The benefit of injunctive relief to Petitioner far outweighs any detriment to Respondents. Petitioner is merely seeking to have Respondents honor their obligations and to maintain the status quo until satisfaction is had. In order to do so and not frustrate his attempts to have the Judgment and any award satisfied, Petitioner is asking the Court to preserve the status quo until a determination is made with respect to his claims in arbitration. See Gramercy Co. v. Benenson, 223 A.D.2d 497, 637 N.Y.S.2d 383 (1st Dep't. 1996) (finding that the balance of equities tilted in favor of plaintiffs who merely sought to maintain the status quo where denial of injunctive relief would have rendered the final judgment ineffectual).

Petitioner has already shown that he is likely to succeed on the merits. If Respondents, however, are allowed to dispose of even more assets, and get even further in a position of financial distress prior to the final determination in the Arbitration, when Petitioner succeeds in arbitration and an award is entered in his favor, there will be no assets remaining to satisfy the award. Respondents will have succeeded in avoiding satisfying the award and the outstanding Judgment.

Respondents cannot complain of the financial hardships because they brought that hardship upon themselves. "[A] defendant cannot complain of hardship resulting from a situation that he is largely responsible for creating." Zomba Recording LLC v. Williams, 2007 WL 1063869, 10 (Sup. Ct. N.Y. Cty. 2007). As the court stated in Merrill Lynch, Pierce, Fenner & Smith v. Ran, 67 F.

Supp. 2d 764, 780 (E.D. Mich. 1999), "in considering the hardships to all involved . . . those suffered by defendants are the least deserving of the court's consideration as their travails were needlessly self imposed."

### Conclusion

For the reasons stated above, Petitioner respectfully requests that his motion for a temporary restraining order and a preliminary injunction be granted, pending a final award in the Arbitration between Petitioner and Respondents.

Dated: New York, New York
January 6, 2011

                PADUANO & WEINTRAUB LLP

                By: _____
                   Anthony Paduano (AP 8400)
                   Steven Castaldo (SC 0520)
                1251 Avenue of the Americas
                Ninth Floor
                New York, New York 10020
                (212) 785-9100

                Attorneys for Petitioner
                Brian J. Rafferty